MABEL EPPLE, ADMINISTRATRIX OF THE ESTATE OF JOHN A. EPPLE, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

W. F. HAWTHORN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on, to-wit, the 17th day of September, A. D. 1932, John A. Epple was employed as a trades helper or carpenter at the Manteno State Hospital, Manteno, Illinois, by the Department of Public Welfare, and on the last mentioned date, while engaged in setting wooden forms for concrete curb gutter on one of the roads in the hospital grounds, was accidentally struck on the head by a blow from a sledge hammer in the hands of one Eugene Griswold, a patient at the institution, who, together with another patient, was assisting in the work in which Epple was then engaged. As the result of such blow, Epple sustained a fracture of the skull, accompanied by a brain hemorrhage which resulted in his death on the same day. There is no question but what the injuries sustained by Epple were accidental, and that they arose out of and in the course of his employment.

Epple had been employed at the State Hospital continuously from January 5th, 1931 until the date of his death, and his compensation was approximately Thirty-six Dollars ($36.00) per week. He left him surviving his widow, Mabel Epple, who was thereafter appointed administratrix of his estate and as such administratrix has filed her claim for compensation under the terms and provisions of the Workmen's Compensation Act of this State, claiming the sum of $3,750.00. There after, on motion of the respondent it was

ordered that Mabel Epple in her individual right be substituted as claimant.

It is admitted by the Attorney General that the work in which Epple was engaged at the time he received the injuries which caused his death, properly comes within the provisions of Paragraph one (1), Section three (3) of the Workmen's Compensation Act, and the widow is, therefore, entitled to compensation under the terms and provisions of such Act.

IT IS THEREFORE ORDERED, That the claimant, Mabel Epple, in her individual right, be awarded the sum of Thirty-seven Hundred Fifty Dollars ($3,750.00).